# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

KENNY ALVAREZ,

    Plaintiff,

v.

MEDNAX, INC., a Florida corporation

    Defendant.

_____/

## COMPLAINT

Plaintiff KENNY ALVAREZ, (hereinafter "Plaintiff" or "ALVAREZ") by and through his undersigned attorney hereby sues defendant MEDNAX, INC., (hereinafter, "Defendant" or "MEDNAX"), a Florida limited liability company, and says:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et. seq*.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Sunrise, Florida.

1

## PARTIES

5. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is an individual of 40 years of age or older, and is a member of a class protected under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the FCRA because the terms, conditions, and privileges of his employment were altered because of his age, and/or in retaliation for his valid complaint of hostile work environment.

7. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Sunrise, Florida and authorized to do business in Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. At all times relevant hereto, MEDNAX was a covered employer under the ADEA, 29 U.S.C. § 630(b) in that it employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year during the relevant time period.

10. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about October 6, 2017. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff's Charge cited discrimination due to age, and retaliation for making internal complaints. Further, the Charge noted that this was not a "continuing action" as Plaintiff had been terminated by MEDNAX at the time the Charge was filed.

13. Plaintiff received the Right to Sue Notice on May 30, 2018. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

16. Plaintiff was hired by Defendant in 2002. His position and title for almost 10 years until the time of his termination was Supervisor of the Service Desk.

17. On May 19, 2017, Plaintiff had a meeting with Fran Palczynski, the VP of the Service Delivery Department and Plaintiff's immediate supervisor, where Palczynski had a violent and threatening outburst towards Plaintiff.

18. On May 22, 2017, Plaintiff met with Ann Mierez, the Human Resources Manager of MEDNAX, and complained about the hostile work environment Palczynski created by the violent and threatening outburst.

19. On June 1, 2017, Plaintiff was advised to start to report directly to Sheila Henao, Director of Service Delivery. However, Palczynski remained Plaintiff's true supervisor in all but name.

20. On the same day, Plaintiff received Restricted Stock Awards for 2017, as he had consecutively for the previous 10 years.

21. A few short weeks later, on July 21, 2017, Plaintiff received an Employee Corrective Action Report (hereinafter the "Report"), which allegedly dated back to May 2017, about the time of Plaintiff's complaints to Human resources. The Report clearly demonstrates that Palczynski was still in effect Plaintiff's manager.

22. On July 24, 2017, Plaintiff responded in writing to all the concerns in the Report and again complained to Human resources about the discriminatory nature of the action.

23. Thereafter, a meeting regarding Plaintiff's responses to the Report was held where Henao, Linda Gonzales, Director of Human Resources, and Plaintiff were present.

24. During the meeting, Gonzales requested a commitment from Henao that Henao and Plaintiff meet weekly separate from his team. However, the requested meetings never took place.

25. On August 29, 2017, Plaintiff received his performance evaluation of the period from October 1, 2016 through September 30, 2017 from Palczynski, with an overall evaluation rating[1] of 1.7 out of 5.

26. Plaintiff had an exemplary employment record and his overall evaluation rating of previous performance evaluation had always been 3 or the equivalent of "Meets Requirements.[2]"

---

[1] The Rating Metric is as follows: 1-Does Not Meet Expectations; 2-Needs Improvement; 3-Meets Expectations; 4-Exceeds Expectations; 5-Far Exceeds Expectations.

27. On the same day, Plaintiff received a letter terminating his employment. MEDNAX cited Plaintiff's alleged continuing deficiencies regarding his work performance as its alleged reason for termination.

28. At the time of Plaintiff's termination, he was the oldest employee in his department. Most of his co-workers were in their 20s or 30s.

29. MEDNAX did not treat other similarly situated employees who were either (a) younger than 40 years old, or (b) had not complained about hostile work environment. Further, MEDNAX did not follow its own policies with regard to Plaintiff and held Plaintiff to a higher standard than his colleagues.

### COUNT ONE: VIOLATION OF THE ADEA
### (DISCRIMINATION BASED ON AGE)

30. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–29, above as though the same were fully set forth herein.

31. This is an age discrimination action which arises under the provisions of Section 7(b) of the Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 626(b)) and jurisdiction of this action is conferred on this Court by Section 7(b) of the ADEA (29 U.S.C. § 626(b)).

32. At all times mentioned in this Complaint, Defendant employed employees at its place(s) of business engaged in the transporting, handling or otherwise working with or on goods that have been moved in or produced for commerce, as defined in Section 11(g) of the ADEA (29 U.S.C. § 630(g)).

---

[2] MEDNAX used a different evaluation matric for previous years: Exceptional (E) – Consistently exceeds job requirement; Meets Requirements (M) – Fully meets job requirements; Needs Improvements/Needs Development (NI/ND) – Does not fully meet job requirements.

33. Defendant was, and is, engaged in commerce within the meaning of the ADEA, and was, and is, engaged in an industry affecting commerce as defined in Section 11(b) of the Act (29 U.S.C. § 630(h).

34. At all times relevant hereto, Defendant has been engaged in an industry affecting commerce and have employed 20 or more employees for each working day in each of 20 or more calendar weeks in the preceding calendar year. Defendant was, and is, therefore an "employer" within the meaning of Section 11(b) of the ADEA (29 U.S.C. § 630(B).

35. Plaintiff is part of the class protected under the ADEA because he was over 40 years of age at the time of the alleged discriminatory acts.

36. MEDNAX' alleged reason for terminating Plaintiff is pretextual as it cannot demonstrate evidence to support that it applied its own policies evenly to Plaintiff and cannot prove that Plaintiff showed continuing deficiencies for his work performance.

37. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

38. Defendant's condonation and ratification were willful.

39. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from the Defendant.

WHEREFORE, Plaintiff KENNY ALVAREZ requests:

   a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the ADEA, all as provided in 29 U.S.C. § 626;
   b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 626 (b);

    d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e. Such other relief as the Court deems just and proper.

## COUNT TWO: VIOLATION OF THE CIVIL RIGHTS ACT
## (HOSTILE WORK ENVIRONMENT)

40. Plaintiff re-alleges and re-avers the facts alleged in paragraphs 1-29 above, as though fully rewritten herein and says:

41. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was subjected to a hostile work environment due to his age, by allowing and ratifying the harassment Plaintiff was subjected to by Palczynski.

42. Plaintiff is a member of a protected class because he was subjected to a hostile work environment due to his age.

43. The terms and conditions of Plaintiff's employment were altered in that he could not perform his job without being subjected to Palczynski's pattern of conduct whereby he consistently yelled at Plaintiff, demeaned and belittled him and treated him in a hostile and threatening manner. This conduct was made when Plaintiff was present.

44. On May 19, 2017, Plaintiff had a meeting with Palczynski, where Palczynski had a violent and threatening outburst towards Plaintiff.

45. Palczynski was Plaintiff's immediate supervisor at the time and Palczynski's actions towards Plaintiff were severe or pervasive enough to create a work environment that a

7

reasonable person would consider intimidating, hostile or abusive. Palczynski's conduct was severe and pervasive from both a subjective and objective perspective.

46. Despite the complaint, Palczynski's pattern of conduct and actions were condoned by Defendant when it began issuing negative reviews mere weeks after the Plaintiff's complaint to HR, and then terminated Plaintiff soon after his follow-up complaint to HR of discrimination.

47. Palczynski, at all times relevant, was acting within the course and scope of his employment.

48. Palczynski did not have the same violent and threatening outburst towards those who were younger than Plaintiff.

49. If not for Palczynski's animus towards Plaintiff as an individual over 40 years of age, Plaintiff would not have received the adverse Report, the adverse performance evaluation, and would not have been ultimately terminated in August 2017.

50. Furthermore, Palczynski's actions have been ratified and/or condoned by Defendant as he has not, upon information and belief, been disciplined for his conduct.

51. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

52. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers and/or other employees.

Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

53. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from the Defendant.

WHEREFORE, Plaintiff KENNY ALVAREZ requests:

   a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

   b. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT THREE: VIOLATION OF THE CIVIL RIGHTS ACT (RETALIATION)

54. Plaintiff re-alleges and re-avers the facts alleged in paragraphs 1–29 above, as though fully rewritten herein and says:

55. Plaintiff brings this claim for retaliation in violation of the Civil Rights Act (42 U.S.C. § 2000e-3).

56. Plaintiff made a complaint regarding harassment and discriminatory treatment to Ann Mierez in Defendant's Human Resources Department in May 2017.

57. At the time Plaintiff made his complaint, he had an objectively reasonable belief that the treatment he experienced was due to his age, hostile work environment, or a combination thereof.

58. As a result of his initial complaint, Plaintiff has suffered an adverse employment action because he was presented with a negative Corrective Action Report.

59. Plaintiff then presented an additional complaint regarding discrimination to the Defendant's Human Resources Department in July 2017.

60. As a result of his subsequent complaint, or the combination of both complaints of harassment and discrimination, Plaintiff has suffered an adverse employment action because he was given a negative review and/or because he was terminated in August 2017.

61. Plaintiff's complaints to Human Resources were, at minimum, a motivating factor in Defendant's decision to terminate him.

62. Defendant states that Plaintiff was terminated due to continued work deficiencies, though there is no support for this claim and it is, therefore, pretextual. Any other reason for Plaintiff's separation is equally pretextual as he was neither warned nor advised of any deficiencies with his job prior to complaining to Human Resources in May 2017.

63. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, injunctive relief and lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

64. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized,

condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff KENNY ALVAREZ requests that:

a. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

c. The Court award Plaintiff injunctive relief in the form of ordering Defendant to cease its retaliatory conduct against his; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT FOUR: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (DISCRIMINATION BASED ON AGE)

65. Plaintiff re-avers and re-states paragraphs 1-29 above, as though the same were fully re-written herein, and says:

66. Plaintiff is a member of a protected class under the FCRA, Sections 760.01-760.11, based on his age, 40 years of age or older.

67. Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his age.

68. MEDNAX terminated Plaintiff on August 29, 2017 for allegedly continuing deficient work performance.

69. At the time of Plaintiff's termination, he was the oldest in his department. Most of his co-workers were in their 20s or 30s.

70. MEDNAX failed to evenly apply its policies to Plaintiff and held Plaintiff to a higher standard than his younger counterparts.

71. Defendant did not have a valid, non-discriminatory reason for terminating Plaintiff. However, even if it did, Plaintiff's age was a "but for" cause of MEDNAX' decision as Defendant does not have evidence that Plaintiff's work performance was continuingly deficient.

72. Ann Mierez, Linda Gonzalez, and/or Fran Palczynski all acted within the scope of their duties with Defendant and Defendant is liable for their discriminatory conduct by ratifying/condoning said actions.

73. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

74. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff KENNY ALVAREZ requests that:

    a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused

      by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

  b. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

  c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT FIVE: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (RETALIATION)

75. Plaintiff re-alleges and re-avers the facts alleged in paragraphs 1–29 above, as though fully rewritten herein and says:

76. Plaintiff brings this claim for retaliation in violation of the Florida Civil Rights Act, ("FCRA"), Fla. Stat. §§ 760.01-760.11.

77. Plaintiff made a complaint regarding harassment and discriminatory treatment to Ann Mierez in Defendant's Human Resources Department in May 2017.

78. At the time Plaintiff made his complaint, he had an objectively reasonable belief that the treatment he experienced was due to his age, hostile work environment, or a combination thereof.

79. As a result of his initial complaint, Plaintiff has suffered an adverse employment action because he was presented with a negative Corrective Action Report.

80. Plaintiff then presented an additional complaint regarding discrimination to the Defendant's Human Resources Department in July 2017.

81. As a result of his subsequent complaint, or the combination of both complaints of harassment and discrimination, Plaintiff has suffered an adverse employment action

because he was given a negative review and/or because he was terminated in August 2017.

82. Plaintiff's complaint to Human Resources was, at minimum, a motivating factor in Defendant's decision to terminate him.

83. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, injunctive relief and lost wages and benefits, pursuant to the provisions of the FCRA.

84. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

85. Defendant states that Plaintiff was terminated due to continued work deficiencies, though there is no support for this claim and it is, therefore, pretextual. Any other reason for Plaintiff's separation is equally pretextual as he was neither warned nor advised of any deficiencies with his job prior to complaining to Human Resources in May 2017.

WHEREFORE, Plaintiff KENNY ALVAREZ requests that:

    a) The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

  b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

  c) The Court award Plaintiff injunctive relief in the form of ordering Defendant to cease its retaliatory conduct against him; and The Court award Plaintiff such other and further relief as the Court deems appropriate

## COUNT SIX – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (HOSTILE WORK ENVIRONMENT)

86. Plaintiff re-alleges and re-avers the facts alleged in paragraphs 1–29 above, as though fully rewritten herein and says:

87. Plaintiff is a member of a protected class under the FCRA, Sections 760.01-760.11, because he was subjected to a hostile work environment due to his age.

88. The terms and conditions of Plaintiff employment were altered in that he could not perform his job without being subjected to Palczynski's pattern of conduct whereby he consistently yelled at Plaintiff, demeaned and belittled him and treated him in a hostile and threatening manner. This conduct was made when Plaintiff was present.

89. On May 19, 2017, Plaintiff had a meeting with Palczynski, where Palczynski had a violent and threatening outburst towards Plaintiff.

90. Palczynski was Plaintiff's immediate supervisor at the time and Palczynski's actions towards Plaintiff were severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Palczynski's conduct was severe and pervasive from both a subjective and objective perspective.

91. Despite the complaint, Palczynski's pattern of conduct and actions were condoned by Defendant when it began issuing negative reviews mere weeks after the Plaintiff's

complaint to HR, and then terminated Plaintiff soon after his follow-up complaint to HR of discrimination.

92. Palczynski, at all times relevant, was acting within the course and scope of his employment.

93. Palczynski did not have the same violent and threatening outburst towards those who were younger than Plaintiff.

94. If not for Palczynski's animus towards Plaintiff as an individual over 40 years of age, Plaintiff would not have received the adverse Report, the adverse performance evaluation, and would not have been ultimately terminated in August 2017.

95. Furthermore, Palczynski's actions have been ratified and/or condoned by Defendant as he has not, upon information and belief, been disciplined for his conduct.

96. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

97. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

98. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff KENNY ALVAREZ requests that:

    a. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to him professional reputation, and emotional pain and suffering caused by Defendant's

      discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action together with him reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

c. The Court award Plaintiff injunctive relief in the form of ordering Defendant to cease its retaliatory conduct against him; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff KENNY ALVAREZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: August 23, 2018.

                LAW OFFICES OF CHARLES EISS, P.L.
                Attorneys for Plaintiff
                7951 SW 6th Street, Suite 308
                Plantation, Florida 33324
                (954) 914-7890 (Telephone)
                (855) 423-5298 (Facsimile)

By:   /s/ CHARLES EISS
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       chuck@icelawfirm.com